UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS MCQUAID                                    CIVIL ACTION

VERSUS                                             NO. 17-05701

UNDERWRITERS AT LLOYD'S,                          SECTION "N" (3)
LONDON

## ORDER AND REASONS

Presently before the Court is a Motion for Jury Trial filed by Plaintiff, Thomas McQuaid, (Rec. Doc. 8). The Motion is opposed by Defendants, Certain Underwriters at Lloyd's, London (Rec. Doc. 11). Having carefully reviewed the parties' submissions and applicable law, the Court **GRANTS** Plaintiff's Motion for Jury Trial.

Federal Rule of Civil Procedure 39(b) provides that the Court, upon motion, has the discretionary power to "order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). Further, it is well established by the Fifth Circuit that "a court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Swofford v. B & W, Inc.* 336 F.2d 406, 408 (5th Cir. 1964), *cert. denied*, 379 U.S. 962 (1965); *see also UNIDEV, LLC v. Hous. Author. of New Orleans*, 250 F.R.D. 268, 272 (E.D. La. 2008). Moreover, a trial by jury is a fundamental right as conferred by the seventh amendment, which further supports the granting of a 39(b) motion for a jury trial. *See Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (1990). In exercising discretion under Rule 39(b), district courts should consider five factors:

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's

schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

*Id*.

The instant case essentially involves an insurance dispute, which is well within the comprehension of a jury. The trial date is scheduled for April 30, 2018--over six months away--thus granting the motion should not disrupt the Court's or the Defendant's schedule, and should not significantly prejudice the Defendant. Furthermore, the Defendant likely had notice of the Plaintiff's inadvertent failure to request a jury trial at the scheduling conference on August 17, 2017, or at the latest upon the Plaintiff's filing of the instant motion on August 29, 2017.[1] Finally, the Plaintiff filed the instant motion within two weeks of recognition of his failure to request a trial by jury.

Based on a consideration of the factors outlined in *Daniel*, and the failure of the Defendant to establish compelling factors to warrant denying the Plaintiff his constitutional right to a trial by jury, the Court exercises its discretion to allow Plaintiff to have his case tried by a jury.

Accordingly, as set forth herein, **IT IS ORDERED** that Plaintiff's motion is **GRANTED**.

New Orleans, Louisiana, this 26th day of October 2017.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[1] Although not a proper jury demand, for notice purposes, the Plaintiff states in his petition that the amount claimed "is in excess of the amount required for a trial by jury." (Rec. Doc. 1-1 at ¶ XXV).